UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| **JOSHUA A. RIECKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 05-2252 |
| | ) | |
| **GREGORY LAMBERT, Warden, Big Muddy** | ) | |
| **River Correctional Center,** | ) | |
| | ) | |
| Respondent. | ) | |

_____

**OPINION**
_____

On May 5, 2004, Petitioner Joshua Riecks was found to be a sexually dangerous person under Illinois law and was indefinitely committed to the custody of the Illinois Department of Corrections for mental health treatment.  See 725 Ill. Comp. Stat. 205/1.01.  Riecks did not appeal his commitment in the state court.  On November 7, 2005, Riecks filed the instant Petition for Writ of Habeas Corpus (#1)  pursuant to 28 U.S.C. § 2254.

On January 4, 2006, Respondent filed a Motion to Dismiss (#8) arguing that the Petition is barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.  Riecks has not filed a response to the motion to dismiss. Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed by a person in state custody.  28 U.S.C. § 2244 (d)(1).  § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

  In the instant case, Riecks' commitment became final on June 4, 2004, thirty days after his commitment on May 5, 2004, as this was the last day on which he could file a notice of appeal. See Ill. Sup. Ct. R. 605(a)(3). Any § 2254 petition challenging his conviction had to be filed within one year of that date. See 28 U.S.C. § 2244(d)(1)(A). Riecks' signed his instant petition for habeas relief on October 13, 2005, outside of this one year statute of limitations. In addition, none of the alternative dates to start the statute of limitations provided in § 2244(d) apply. While Riecks filed several documents with the trial court, the docket does not indicate any of these documents were properly filed post-conviction petitions or notices of appeal to toll the application of the statute of limitations.

IT IS THEREFORE ORDERED:

(1) Respondent's Motion to Dismiss (#8) is GRANTED. Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

(2) This case is terminated.

ENTERED this 6th day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE